# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA CHAVEZ,<br><br>       Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Case No.: 1:18-cv-1742- JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

      Sara Chavez initiated this action by filing a complaint on December 28, 2018, seeking judicial review of the decision to deny her application for Social Security benefits. (Doc. 1) On May 1, 2019, the Court issued its Scheduling Order, setting forth the deadlines governing the action. (Doc. 7-1)

      The parties have exchanged confidential letter briefs, and the Commissioner of Social Security served Plaintiff with his confidential letter brief on November 5, 2019. (Doc. 15 at 1) Pursuant to the terms of the Scheduling Order, within thirty days of receiving this response, Plaintiff was to file her opening brief in the action. (Doc. 7-1 at 2, ¶ 6) Thus, Plaintiff was to file an opening brief no later than December 5, 2019. To date, Plaintiff has filed to file an opening brief, and she did not request an extension of time to comply with the deadline.

      The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

1

inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this order why terminating sanctions should not be imposed for her failure to follow the Court's order and failure to prosecute the action or file her opening brief.

IT IS SO ORDERED.

Dated:     **December 16, 2019**           /s/ Jennifer L. Thurston
                                             UNITED STATES MAGISTRATE JUDGE