UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.: 1:18-cv-01742 - JLT<br><br>ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF SARA CHAVEZ AND AGAINST DEFENDANT, THE COMMISSIONER OF SOCIAL SECURITY |

Sara Chavez asserts she is entitled to a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff argues the administrative law judge erred in evaluating the medical record and determining her residual functional capacity. For the reasons set forth below, the matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

In August and September 2016, Plaintiff filed her applications for benefits, alleging disability due to gastroparesis, hypoglycemia, Bradycardia, malnutrition, lack of vitamin D, abdominal pain, weakness, sleep apnea, vitamin B12 deficiency, and severe nausea. (Doc. 12-7 at 2-15; Doc. 12-8 at 3) The Social Security Administration denied Plaintiff's applications at the initial level and upon reconsideration. (*See generally* Doc. 12-4) Plaintiff requested an administrative hearing on the application and testified before an ALJ on July 17, 2017. (*See* Doc. 12-3 at 25, 44)

The ALJ determined Plaintiff was not disabled and issued an order denying benefits on December 13, 2017. (Doc. 12-3 at 25-35) Plaintiff requested review of the decision with the Appeals Council, which denied the request on August 29, 2018. (*Id.* at 11-13) Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security.

## **STANDARD OF REVIEW**

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## **DISABILITY BENEFITS**

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability,

the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## **ADMINISTRATIVE DETERMINATION**

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The process requires the ALJ to determine whether Plaintiff (1) is engaged substantial gainful activity, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

Pursuant to this five-step process, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 15, 2015. (Doc. 12-3 at 27) Second, the ALJ found Plaintiff had "the following impairments which are severe in combination: tendinitis of the left shoulder, diverticulosis, diabetes mellitus with gastroparesis, GERD, history of morbid obesity and history of H. pylori infection." (*Id.*) The ALJ found Plaintiff's "status post cholecystectomy, vitamin D deficiency, thrombocytopenia, leukocyte pain, hypertension, and anxiety are not 'severe' impairments with the meaning of the Social Security Act and Regulations." (*Id.* at 28)

At step three, the ALJ determined Plaintiff's impairments did not meet or medically equal a Listing. (Doc. 12-3 at 28-29) Next, the ALJ defined Plaintiff's residual functional capacity as follows:

> [T]he claimant can lift 50 pounds occasionally and lift and carry 25 pounds frequently. She can stand and/or walk 6 hours a day out of an 8-hour workday. She can sit for 6 hours in an 8-hour workday. She can frequently reach overhead with the left upper extremity.

(*Id.* at 30) With this residual functional capacity, the ALJ determined at step four that Plaintiff was "capable of performing past relevant work as a licensed vocational nurse," both "as actually and generally performed." (*Id.* at 34-35) Thus, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act from January 15, 2015, through the date of the decision. (*Id.* at 35)

///

## **DISCUSSION AND ANALYSIS**

Plaintiff argues, "The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations and failed to offer any reason for discounting all of Plaintiff's symptoms related to Crohn's disease." (Doc. 19 at 1, 8) In addition, Plaintiff contends the ALJ "failed to explain the basis for the portion of the RFC intended to accommodate Plaintiff's shoulder impairment." (*Id.* at 10) On the other hand, the Commissioner argues the Court should affirm the decision because the ALJ did not have a duty to develop the record and substantial evidence supports the RFC identified by the ALJ. (*See* Doc. 21 at 10-20)

**A.    The Residual Functional Capacity Determination**

A claimant's residual functional capacity is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); see also 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). In formulating an RFC, the ALJ weighs medical and other source opinions, as well as the claimant's credibility. *See, e.g., Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). Further, the ALJ must consider "all of [a claimant's] medically determinable impairments," whether severe or not, when assessing a RFC. 20 C.F.R. §§ 405.1545(a)(2), 416.945(a)(2).

   1.    Crohn's Disease and Plaintiff's RFC

The burden is on a claimant to show a condition is a medically determinable impairment. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)); *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c). The Ninth Circuit determined a diagnosis from an acceptable medical source is a prerequisite to a finding that a medically determinable impairment exists, and symptoms by themselves are not sufficient to establish such an impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005-06 (9th Cir. 2005).

Here, Plaintiff argues that the ALJ "failed to include any work-related limitations in the RFC that correspond to Plaintiff's Crohn's disease and resulting symptoms." (Doc. 19 at 8) However, Plaintiff does not cite any evidence in the record to support her assertion that she suffers from Crohn's disease, or that it is a medically determinable impairment that the ALJ should have considered to determine the RFC. Indeed, it appears the argument presented in Plaintiff's opening brief may have

4

been duplicated from another action, as the argument addresses Plaintiff by the wrong gender and refers to hearing testimony that she did not make. For example, the brief states: "Plaintiff testified that his symptoms were never cured, and the record as described above corroborates his repeated flares." (Doc. 19 at 9) Further, the brief refers to the ALJ's "ultimate conclusion at Step Five," while the matter now before the Court was terminated at Step Four when the ALJ determined Plaintiff could perform her past relevant work. (*See* Doc. 12-3 at 34-35)

Regardless, Plaintiff has not identified any evidence in the medical record that supports a conclusion that she suffered from Crohn's disease, such as a diagnosis from a physician. (*See* Doc. 19 at 8-9) Without this evidence, the Court is unable find Plaintiff carried the burden to show Crohn's disease was a "medically determinable impairment" that the ALJ was required to consider when determining her RFC. *See Ukolov*, 420 F.3d at 1005-06. Thus, Plaintiff fails to show any error by the ALJ in evaluating her alleged Crohn's disease and related symptoms.

2.   Limitations related to Plaintiff's left shoulder impairment

Plaintiff argues the ALJ committed a "legal error" with addressing her shoulder impairment in the RFC, because "the ALJ simply included a limitation in the RFC that Plaintiff can frequently reach overhead, without ever evaluating or explaining the basis for this limitation, or pointing to any evidence which supports this portion of the RFC assessment." (Doc. 19 at 11) The Commissioner argues the RFC determination was proper, noting "[a]n ALJ, not a physician, is responsible for assessing the residual functional capacity." (Doc. 21 at 19, citing 20 C.F.R. § 404.1546; *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001))

a.   Relevant evidence

Dr. Bobba reviewed available records related to Plaintiff's applications at the initial level on October 19, 2016. (Doc. 12-4 at 7-9) Dr. Bobba noted Plaintiff had a history of diet-controlled diabetes mellitus and hypertension, and her examinations had "minimal findings." (*Id.* at 9) Dr. Bobba opined Plaintiff's impairments were "[a]lmost non severe," but with "giving benefit of doubt," an RFC limiting Plaintiff to medium work was "appropriate." (*Id.* at 9) Specifically, Dr. Bobba determined Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently, sit about six hours in an eight-hour day, stand and/or walk about six hours in an eight-hour day. (*Id.* at 11) Dr. Bobba found Plaintiff

did not have postural or manipulative limitations. (*Id.*)

On December 21, 2016, Dr. John Bonner reviewed the available records related to Plaintiff's request for reconsideration. (*See* Doc. 12-4 at 49-50) Dr. Bonner found Plaintiff had "more physical complaints than actual noted findings." (*Id.*) He noted Plaintiff alleged "severe weakness," but found the "evidence on file indicate[d] physical exam [was] mostly normal." (*Id.* at 51) Dr. Bonner "agree[d] that [a] medium RFC, as previously decided[,] is appropriate." (*Id.* at 50) Furthermore, Dr. Bonner opined Plaintiff did not have postural or manipulative limitations. (*Id.* at 52)

In January 2017, Plaintiff reported she had "2 weeks of left shoulder pain." (Doc. 12-17 at 67) Upon examination, Plaintiff exhibited "decreased range of motion (secondary to pain) and tenderness (diffusely, no trigger point)" in her left shoulder. (*Id.* at 67) Dr. Scott Ford noted that an x-ray of Plaintiff's shoulder "showed calcific tendinitis." (*Id.* at 71; *see also id.* at 67) Plaintiff "was offered a sling but not advised to use it for fear of frozen shoulder," and was shown some range of motion exercises. (*Id.* at 67) Later that month, Plaintiff visited an emergency room "for progressively worsening left shoulder pain," reporting her shoulder felt "stuck" and her pain was "severe with movement." (*Id.*)

On February 5, 2017, Plaintiff continued to report pain in her left shoulder, and said she "cant (sic) lift her arm." (Doc. 12-16 at 6) The following week, Plaintiff described "[b]ilateral shoulder pain" during a telemedicine appointment. (*Id.* at 4) Dr. Frank Scott noted Plaintiff had x-rays that showed "calcium tendon deposits," and testing did not reveal findings compatible with rheumatoid arthritis. (*Id.*) Dr. Scott indicated Plaintiff would "be referred to orthopedics to consider a cortisone injection to her shoulders." (*Id.* at 5)

    b. Analysis

The ALJ determined Plaintiff's severe impairments included "tendinitis of the left shoulder," but found Plaintiff could "frequently reach overhead with the left upper extremity." (Doc. 12-3 at 27, 30) However, it is unclear how the ALJ determined Plaintiff could reach overhead on a frequent basis with her left arm.

The record does not include any opinion addressing Plaintiff's shoulder impairment, which evidently arose after Drs. Bobba and Bonner reviewed the available records. No physician had the

opportunity to review Plaintiff's x-ray results or records indicating she had a decreased range of motion in the left shoulder. Because the record did not include any opinions from treating or examining physicians related to Plaintiff's left shoulder tendinitis—or her limitations and abilities as a result of the impairment— the ALJ clearly rendered her own medical findings that Plaintiff could reach overhead on a frequent basis.

Significantly, it is well-settled law that an ALJ may not render her own medical opinion and is not empowered to independently assess clinical findings. *See, e.g., Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (holding an ALJ erred in rendering his own medical opinion); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings"); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (as a lay person, the ALJ is "simply not qualified to interpret raw medical data in functional terms"). Without medical opinions to support the conclusion that Plaintiff had the ability frequently reach overhead with her left arm, the ALJ's RFC lacks the support of substantial evidence. *See Perez v. Sec'y of Health & Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991) ("where an ALJ reaches conclusions about claimant's ... capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence"). Accordingly, the ALJ erred in evaluating the record related to Plaintiff's left shoulder tendinitis and assessing her RFC.

**B.     Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

7

*Smolen v*, 80 F.3d at 1292.  In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

      The RFC articulated by the ALJ lacks the support of substantial evidence in the record, and the matter should be remanded for further consideration. *See Tackett*, 180 F.3d at 1102-03 (remanding the matter to the Social Security Administration for reconsideration after finding the ALJ erred by offering his own medical conclusion, which was not supported by any medical evidence); *Perez*, 958 F.2d at 446 (finding that where the ALJ offered any opinion "without any assessment of residual functional capacity by a physician, ...it is necessary to remand for the taking of further functional evidence"). Thus, upon remand, the ALJ shall obtain additional functional evidence as necessary to determine Plaintiff's RFC.

## CONCLUSION AND ORDER

      For the reasons set for above, the Court finds the ALJ erred in her evaluation of Plaintiff's RFC and failed to apply the correct legal standards. Consequently, the ALJ's decision cannot be upheld by the Court. *See Sanchez*, 812 F.2d at 510. Accordingly, the Court **ORDERS**:

1. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Sara Chavez, and against Defendant, the Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **August 20, 2020**             **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE